UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRAD HARRIS                                         CIVIL ACTION

VERSUS                                              NUMBER: 06-4162

BURL CAIN, WARDEN                                   SECTION: "I"(5)

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Brad Harris, and the State's response thereto. (Rec. docs. 6, 11). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Harris' petition be dismissed with prejudice.

Petitioner Harris is a state prisoner who is currently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On May 27, 1999, Harris was found guilty of attempted aggravated rape following a bench trial in the Twenty-Fourth

Judicial District Court for the Parish of Jefferson, State of Louisiana. His initial sentence, i.e., fifty years at hard labor without benefit of parole, probation, or suspension of sentence, was vacated as the State filed a multiple bill against Harris. Thereafter, he was sentenced to life imprisonment at hard labor. Harris' conviction was affirmed on direct appeal to the Louisiana Fifth Circuit Court of Appeal but the sentence was vacated. State v. Harris, 782 So.2d 1055 (La. App. 5th Cir. 2001), writ denied, 806 So.2d 668 (La. 2002). Upon remand the multiple bill was withdrawn and his fifty-year sentence was reimposed. That action was affirmed by the Louisiana Fifth Circuit in a subsequent opinion but the matter was remanded to the trial court with instructions to advise Harris of the prescriptive period for seeking post-conviction relief under LSA-C.Cr.P. Art. 930.8.[1]/ State v. Harris, 841 So.2d 1005 (La. App. 5th Cir.), writ denied, 853 So.2d 637 (La. 2003). Harris' conviction became final on December 19, 2003 when he failed to seek certiorari from the U.S. Supreme Court following the denial of his writ application by the Louisiana Supreme Court wherein he sought review of the Louisiana Fifth Circuit's opinion

---

[1]/ A discussion of the state court proceedings which took place between the date of Harris' conviction and the date that his sentence was affirmed by the Louisiana Fifth Circuit is unnecessary to resolve the matter at hand.

2

affirming his fifty-year sentence.[2]/ See Roberts v. Cockrell, 319 So.2d 690, 694 (5th Cir. 2003).

Thereafter, on December 7, 2004, some three hundred fifty-four days after his conviction had become final, Harris signed and dated a post-conviction relief application ("PCRA") that was formally filed in the state trial court on December 14, 2004 and was denied by separate orders dated January 24, 2005 and April 12, 2005. (St. ct. rec., vols. 7, 8). Harris' appeals of the trial court's rulings remained pending until the Louisiana Supreme Court denied his application for supervisory and/or remedial writs on April 17, 2006. State ex rel. Harris v. State, 926 So.2d 501 (La. 2006). On June 20, 2006, sixty-four days later, Harris signed and dated his federal habeas petition. (Rec. doc. 6, p. 6).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Harris have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a

---

[2]/ For limitation purposes under 28 U.S.C. §2244(d), the "'[f]inal judgment in a criminal case means sentence. The sentence is the judgment.'" Burton v. Stewart, 549 U.S. 147, 156-57, 127 S.Ct. 793, 798-99 (2007)(quoting Berman v United States, 302 U.S. 211, 212, 58 S.Ct. 164, 166 (1937)).

prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, Harris' conviction became final on December 19, 2003 when he failed to seek certiorari from the U.S. Supreme Court following the denial of his writ application by the Louisiana Supreme Court wherein he challenged his fifty-year sentence. At that point, the one-year limitation period set forth in §2244(d) began to run and was only tolled on December 7, 2004, three hundred fifty-four days later, when Harris signed his state PCRA. That matter and the appeals from it remained pending before the state courts until the Louisiana Supreme Court denied Harris' writ application on April 17, 2006. At that point, the limitation period commenced running again and had expired by the time that Harris signed his habeas petition on June 20, 2006. That being the case, and because no facts are present warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his

4

rights, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564 (2000), it will be recommended that Harris' petition be dismissed with prejudice as untimely.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Brad Harris be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  15   day of     April        , 2009.

_____
UNITED STATES MAGISTRATE JUDGE